HURD <i>vs.</i> TUTTLE and SMITH.

To prove the possession of a defendant in an action of ejectment, it is sufficient to prove a third person in actual possession under the defendant; and if it appear on trial that such third person is in possession of the premises, under a contract in writing between him and the defendant, the possession of the defendant is sufficiently proved, and it is unnecessary to produce such written contract.

Bennington,
February,
1824.

THIS was an action of ejectment for one acre and one quarter of an acre of land in Sandgate, with a dwelling house and barn thereon. On trial upon the general issue at the last February term, the plaintiff produced evidence of title to the premises by the levy of an execution in his favor against Michael Bennet, on the 14th day of May, 1821, and by proof that Bennet was in possession of the premises at the time of the levy.

The plaintiff also proved by parol testimony that the defendants went into possession of the premises in the fall of the year 1821, and that, in the spring of the year 1822, and before the commencement of the plaintiff's action, Gailor Nichols went into possession of the premises, under a lease or contract in writing between him the said Gailor and the defendants.

The Court decided that this was not legal evidence of the fact that said Gailor Nichols was in possession of the premises under the defendants, but that it was necessary for the plaintiff to produce the lease or written contract between said Nichols and the defendants, and directed a nonsuit, with leave to the plaintiff to move to set it aside. And at the present term the cause again came on to

be heard on a motion by the plaintiff to set aside the nonsuit, and for a new trial.

*Church* for the plaintiff.

The question in this case is, whether it is not competent for the plaintiff to prove by parol that Gailor Nichols was in possession of the premises at the time the action was commenced, under the defendant, without producing the contract or lease in writing from the defendant, under which he took possession. Possession or tenancy is a fact that may be proved by parol evidence. 7 John. 186. Van Allen *v.* Vosburgh.

The contract between the defendant and Nichols under which Nichols took possession, is a collateral fact, and not the foundation or ground of action; therefore, it is contended that the possession of Nichols under the defendants may be proved by parol evidence; and that it is not incumbent on the plaintiff to produce such writing to prove the fact that Nichols held under the defendants. Anthon. Rep. 40. 1 John. 340.

The contents of any writing which does not constitute the ground of action, and is collateral only in the suit, may be proved by parol, especially if it lie not between the parties to the suit. 12 East. 237, (note *a.*) 238. Wood *v.* Morris.

*Bennet* for the defendants.

The plaintiff cannot excuse himself from observing the strict rules of evidence, on the ground that the lease in writing is collateral to the action; for the law requires the same strictness of proof as if the action had been founded on stipulations or covenants in the lease. But the plaintiff having it in his power, as must be presumed, to produce the written instrument in question, has himself assumed to decide on its legal sufficiency and effect, and its execution by the defendants, which assumption the law will not permit. In short the common rule, that the best evidence shall be given which the nature of the case admits, clearly requires the lease to be produced.

WILLIAMS J. delivered the opinion of the Court.

As the only inquiry in this case was, as to the possession of the defendants, it was sufficient for the plaintiff to establish the fact, that the defendants were in the actual occupancy of the premises

in the fall of the year 1821, and that another received the possession from them.    The written contract or lease, by virtue of which the tenant took the possession, could not have furnished any better evidence of that fact than the testimony produced. If the terms of the tenancy of Nichols under the defendants had come in question, the lease would have furnished the best evidence of these terms ; but neither the terms nor the execution of the lease could have come in question in this case.    It was sufficient for the plaintiff to know and to prove that the person in possession was placed there by the defendants, who had themselves been in the actual occupation of the premises.    He could not be supposed to be acquainted with the contract existing between the defendants and their tenant ; neither could it be material for him to introduce if it had been known.

Bennington,<br>February,<br>1824.<br><br>Hurd<br><i>vs.</i><br>Tuttle and<br>Smith.

Nonsuit set aside and new trial granted.

[Chief Justice Skinner having been of counsel did not sit in this cause.]